**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7491**

———————

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

ROBERTO CHAY-CHAY,

        Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:15-hc-02064-BR)

———————

Submitted:  August 19, 2016      Decided:  August 24, 2016

———————

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Joseph Bart Gilbert, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court committed Roberto Chay-Chay, a Guatemalan national, to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246 (2012). The court found that Chay-Chay, who was being detained at the Federal Medical Center in Butner, North Carolina ("FMC-Butner") for a mental health evaluation following his illegal reentry into the United States after deportation, was suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

A person may be committed to the custody of the Attorney General for "medical, psychiatric, or psychological care or treatment" "[i]f, after [a] hearing, the [district] court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The district court's finding that such dangerousness exists is a factual determination we will not overturn unless it is clearly erroneous. United States v. LeClair, 338 F.3d 882, 885 (8th Cir. 2003); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). We review issues of

2

statutory interpretation de novo.  United States v. Joshua, 607 F.3d 379, 382 (4th Cir. 2010).

On appeal, Chay-Chay does not argue that the Government failed to establish his dangerousness by clear and convincing evidence.  Rather, he first challenges the district court's statutory interpretation of § 4246, arguing that the civil commitment involved improper extraterritorial application because the district court found that the requirement of "substantial risk of bodily injury to another person" includes risk to persons anywhere in the world.

In this case, the district court did not expressly find that Chay-Chay's release would create a substantial risk of bodily injury to, or serious damage to the property of, a person outside of the United States.  In fact, if Chay-Chay were released, he would be released in the United States, and there is no proceeding or detainer pending against him that would preclude his presence in the United States upon release. Having concluded that the district court did not give § 4246 extraterritorial effect, we need not reach the issue of whether § 4246 applies extraterritorially.

Chay-Chay also posits constitutional challenges to allowing a court in the United States to civilly commit "mentally ill undocumented noncitizens . . . to serve de facto life sentences at the expense of American taxpayers."  However, § 4246 provides

numerous avenues by which a person in Chay-Chay's situation can be released after commitment. <u>See</u> 18 U.S.C. § 4246(d)(2), (e), (g) (2012). With respect to Chay-Chay's due process rights, "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." <u>Addington v. Texas</u>, 441 U.S. 418, 425 (1979). Furthermore, Chay-Chay does not argue that he was denied due process through the commitment hearing.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>